UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE ROOKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN CHAPPELL, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-04318-JD<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 4 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis and he has filed a motion for a preliminary injunction.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs by discontinuing his lower bunk chrono and failing to make it permanent. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id.*  If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff states that he is 67 years-old, cannot stand for more than 15 minutes without the need to sit, and cannot lift anything over 15 pounds.  He states that it is extremely difficult to lift himself up to an upper bunk in his cell.  He states that he currently has a lower bunk chrono but defendants have denied his request to make it permanent and have discontinued it.  He seeks injunctive relief in this action.  This claim is sufficient to proceed.

Plaintiff also seeks a preliminary injunction providing him with a permanent lower bunk. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

To show irreparable harm, the "plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *Friends of Earth, Inc. v. Laidlaw*

1  *Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)).  In sum, an injunction "may
2  only be awarded upon a clear showing that the plaintiff is entitled to relief."  *Winter*, 555 U.S. at
3  22.
4        While plaintiff has met his burden for the underlying case to proceed, he has failed to meet
5  the heightened standard for a preliminary injunction.  Plaintiff includes a memorandum from
6  prison medical officials which states that permanent lower bunks are in a critical shortage and are
7  only given to patients who require them the most, and it provides a list of guidelines for doctors to
8  follow.  Plaintiff only presents general allegations that he needs a permanent lower bunk but this is
9  insufficient to demonstrate that he is likely to succeed on the merits or that he is likely to suffer
10 irreparable harm.

## III. CONCLUSION

11     1.    The motion for a preliminary injunction (Docket No. 4) is **DENIED**.

12     2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Kevin Chappell, Dr. Tootell, Dr. Pachinski, and Dr. Linda Pratt at San Quentin State Prison.

13     3.    In order to expedite the resolution of this case, the court orders as follows:

        a.    No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

        b.    At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

4

1 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

2 not earlier); *Rand* at 960 (separate paper requirement).

3         c.     Plaintiff's opposition to the dispositive motion, if any, shall be filed with
4 the court and served upon defendant no later than thirty days from the date the motion was served
5 upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
6 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
7 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

8     If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust
9 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
10 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
11 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

12         d.     If defendant wishes to file a reply brief, he shall do so no later than fifteen
13 days after the opposition is served upon him.

14         e.     The motion shall be deemed submitted as of the date the reply brief is due.
15 No hearing will be held on the motion unless the Court so orders at a later date.

16     4.     All communications by plaintiff with the court must be served on defendant, or
17 defendant's counsel once counsel has been designated, by mailing a true copy of the document to
18 defendants or defendants' counsel.

19     5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
20 No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
21 parties may conduct discovery.

22     6.     It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
23 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
24 of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to
25 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
26 Civil Procedure 41(b).

27

28

1 **IT IS SO ORDERED**.

2 Dated: 1/20/14

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETE ROOKE,

        Plaintiff,

    v.

KEVIN CHAPPELL, et al.,

        Defendants.

Case No.  14-cv-04318-JD

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 11/20/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pete  Rooke ID: C76159  
San Quentin State Prison  
One North 20 Low  
San Quentin, CA 94974

Dated: 11/20/2014

Richard W. Wieking  
Clerk, United States District Court

By _____  
LISA R. CLARK, Deputy Clerk to the  
Honorable JAMES DONATO

8