UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETE ROOKE,

    Plaintiff,

    v.

KEVIN CHAPPELL, et al.,

    Defendants.

Case No. 14-cv-04318-JD

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 14

Pete Rooke, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. His claims arise from his detention at San Quentin State Prison. He alleges that defendants (medical staff and a former warden) violated the Eighth Amendment by denying him an accommodation for a lower bunk. He seeks injunctive relief of a permanent lower bunk. On December 15, 2014, Rooke was granted an accommodation for a lower bunk. Rooke's bed assignment records show that he has been housed in a lower bunk since 2011. Defendants have filed a motion for summary judgment and Rooke filed an opposition. The motion is granted.

## DISCUSSION

**1. Statement of Facts**

Rooke is housed in San Quentin State Prison. Motion for Summary Judgment ("MSJ") Boergers Decl. Ex. B. He has been assigned the same lower bunk since 2011. *Id.* Rooke alleged that he had a lower-bunk chrono since 1995. Compl. at 3. He claims that he was denied a lower-bunk chrono in 2014 by defendants. *Id.*

Rooke filed two health care inmate appeals complaining that he was denied a lower bunk chrono. MSJ, Robinson Decl. Ex. A, B. On December 15, 2014, Dr. Tootell issued Rooke a lower bunk chrono. MSJ, Tootell Decl. ¶ 6, Ex. A. The chrono is a permanent accommodation,

1  subject to yearly review.  Tootell Decl. Ex. B.

2          On December 19, 2014, Rooke's first health care appeal, in which he requested to be

3  reevaluated by the Lower Bunk Committee, was denied at the third level of review because he had

4  already received a permanent lower bunk.  MSJ, Robinson Decl. ¶ 8, Ex. A.  On the same day,

5  Rooke's second health care appeal, in which he requested a lower bunk and lower tier evaluation,

6  was denied at the third level of review, again because he had already received these

7  accommodations.  MSJ, Robinson Decl. ¶ 9, Ex. B.  Rooke concedes that he received these

8  accommodations and has always been in a lower bunk.  Opposition at 3, 9.

9      **2. Legal Standard**

10         **a. Motion for Summary Judgment**

11         Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

14         The moving party for summary judgment bears the initial burden of identifying those

15 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

16 issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine*

17 *Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this

18 burden of production, the nonmoving party must go beyond the pleadings and, by its own

19 affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the

20 nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the

21 moving party wins.  *Id*.

22         **b. Eighth Amendment Violation**

23         Deliberate indifference to serious medical needs violates the Eighth Amendment's

24 proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

25 *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX*

26 *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

27 "deliberate indifference" involves an examination of two elements: the seriousness of the

28 prisoner's medical need and the nature of the defendant's response to that need.  *Id*.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id*. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

**3. Analysis**

Rooke alleges that he has acute mobility problems and was denied a lower-bunk chrono. However, the records show, and he concedes, that he has had a lower bunk chrono since 1995. He claims that for four months after the committee denied his lower-tier/lower-bunk accommodation chrono, he suffered from "fear and undue stress" due to the possibility of being moved to an upper bunk. Opposition at 3, 9. He further alleges that although he was never actually moved from a lower bunk, he lost sleep and suffered emotionally from the denial of the chrono and from the delay in being granted a permanent chrono. *Id.*

It is undisputed that Rooke received a permanent lower-bunk chrono on December 15, 2014. MSJ, Tootell Decl. ¶ 6, Ex. A. Rooke's bed-assignment records show that he has remained in the same lower-bunk since October 15, 2011. MSJ, Boergers Decl. Ex. B. To the extent he seeks money damages, the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Here there is no physical

3

injury, thus he is not entitled to relief.

It is undisputed that Rooke received the accommodation he requested in December 2014. To the extent that he may claim there was a gap in 2014 when he did not have a lower-bunk chrono, his bed records show that he has been housed in a lower bunk since 2011. Thus, he never suffered any actual deprivation or physical harm, and, as noted above, under the PLRA, prisoners may only recover damages for mental and emotional distress if they show they have suffered a physical injury.

Moreover, there is no genuine dispute that defendants acted with deliberate indifference towards his medical needs. There is no evidence that Rooke faced "a substantial risk of serious harm" because he was always in a lower bunk. Nor is there evidence that defendants failed to take reasonable measures to abate that risk. The evidence establishes the opposite: defendants abated the risk by taking the reasonable measure of accommodating Rooke with a lower-bunk chrono.

Rooke continuously resided in his lower-bunk chrono, and he already received the relief he sought: a permanent lower-bunk chrono. Accordingly, he cannot make a showing sufficient to establish the existence of the elements essential to his case; namely, that he faced a substantial risk of serious harm and that defendants disregarded that risk in violation of the Eighth Amendment. Because there is no genuine dispute regarding any material fact, defendants are entitled to judgment as a matter of law.

**Mootness**

Defendants alternatively request this Court to dismiss the case as moot. To maintain an action under § 1983, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v. City of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). A matter is moot if at any time during the course of litigation, the plaintiff ceases to be threatened with or suffer, "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A prisoner's claim is moot when the relative positions of the parties change so that there is no longer a case or controversy to which the requested injunction can apply. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

As the defendants note and the records support, Rooke has received the relief he sought in this lawsuit: a permanent lower-bunk chrono. He has no actual injury that is likely to be redressed by a favorable judicial decision. Accordingly, no case or controversy exists between the parties, and thus this case is also dismissed as moot.

## CONCLUSION

1. Defendant's motion for summary judgment (Docket No. 14) is **GRANTED**.

2. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: September 3, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETE ROOKE,

          Plaintiff,

  v.

KEVIN CHAPPELL, et al.,

          Defendants.

Case No. 14-cv-04318-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 3, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pete Rooke ID: C76159
San Quentin State Prison
One North 20 Low
San Quentin, CA 94974

Dated: September 3, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

6